GEOFFREY BECKER, 70110
BECKER & BECKER
1370 Reliez Valley Road
Lafayette, California 94549
Telephone: [925] 939-9041
geoffrey.becker@comcast.net
Fax: 925-943-5477

Attorney for Plaintiff, Carol Sachs

ORIGINAL

FILED
2008 APR -7 AM 10: 26
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROL P. SACHS,

                    Plaintiff,

vs.

REPUBLIC OF AUSTRIA, OBB HOLDING GROUP, OBB PERSONENVERKEHR AG

                    Defendants.

NO. C08-01840 EMC

**Complaint for Personal Injuries Based on Negligence, Strict Liability and Breach of Implied Warranty of Merchantability and Fitness**

1. Jurisdiction

The court's jurisdiction to hear this case is based on the diversity of citizenship that exists between the parties and on the fact that the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Jurisdiction is also based on 28 U.S.C.§1330 and the fact that the REPUBLIC OF AUSTRIA is a foreign sovereign which owns and/or operates OBB PERSONENVERKEHR AG, the railway which caused plaintiff's injuries and its holding company, OBB HOLDING GROUP.

2. Intradistrict Assignment

Plaintiff is a resident of Berkeley, California and was a resident of Berkeley when she purchased the railway ticket through defendants' agent, Eurail, and the American based company,

1

Complaint for Personal Injuries, Negligence, Strict Liability and Breach of Implied Warranties

The Rail Pass Experts. The ticket was purchased in San Francisco, California on or around March 2, 2007. At all times relevant, OBB PERSONENVERKEHR AG advertised via the world wide web that American citizens can purchase their tickets directly from the OBB PERSONENVERKEHR AG website. Assignment to the Oakland branch of this court is requested for the reason that the accident which is the subject of this lawsuit caused plaintiff's legs to be amputated above the knee. Since she ambulates by wheelchair, the Oakland branch is the preferred venue for trial as it is closer to plaintiff's home.

### FIRST CLAIM FOR RELIEF
(Negligence)

1. Plaintiff avers that on April 7, 2007, the Republic of Austria was the owner and/or operator of the Austrian railway company known as OBB PERSONENVERKEHR AG and its holding company OBB HOLDING GROUP. OBB PERSONENVERKEHR AG is the Austrian railway company that agreed to provide railway transportation to plaintiff while she was visiting Austria in and around April 7, 2007.

2. As a common carrier for hire, defendants, and each of them, were obligated to use the utmost care regarding plaintiff's carriage. This duty was breached on April 7, 2007, when plaintiff was injured while attempting to board the OBB PERSONENVERKEHR AG railcar in Innsbruck, Austria.

3. Defendants, and each of them, negligently moved the train before plaintiff had boarded.

4. Defendants, and each of them, negligently provided an unsafe place for the plaintiff to board the railcar in that there was a gap between boarding platform edge and the train into which a boarding passenger could fall.

5. Defendants, and each of them, negligently failed to warn the plaintiff that there was a gap between the boarding platform edge and the train into which she could fall.

6. Defendants, and each of them, negligently failed to provide supervision at the Innsbruck station to oversee passenger boarding.

7. Defendants, and each of them, negligently failed to stop the train while plaintiff was

Complaint for Personal Injuries, Negligence, Strict Liability and Breach of Implied Warranties

1  attempting to board it and negligently locked the railcar doors.

2  8. As a result of the aforesaid negligence, plaintiff was injured and has suffered
3  economic and non-economic damages in amounts according to proof.

## SECOND CLAIM FOR RELIEF

(Strict Liability-Design Defect)

9. Plaintiff re-alleges and incorporates by this reference, paragraphs 1 and 8 of the First Claim for Relief as though set forth fully herein.

10. Defendants, and each of them, designed and manufactured the railcars and boarding platform which were made available for plaintiff's use. The railcars and boarding platform were defective in their design in that there were risks inherent in their design which outweighed the benefits of their design as a whole. Said defects in design were present when the railcars and platform were put into the stream of commerce and were not altered in any significant way prior to April 7, 2007.

11. Defendants, and each of them, knew that plaintiff would not inspect the railcars and platform for defects prior to boarding. Plaintiff was using the railcars and platform in a reasonably foreseeable and intended manner

12. The aforesaid defects acted as a substantial factor in bringing about plaintiff's injuries and damages as alleged herein.

## THIRD CLAIM FOR RELIEF

(Strict Liability-Design Defect-Failure to Warn)

13. Plaintiff re-alleges and incorporates by this reference, each paragraph of the Second Claim for Relief as though set forth fully herein.

14. The railcars and platform were defective in that warnings about their safe use were not provided even though defendants knew that there were risks of significant personal injury and death from plaintiff's foreseeable and expected use.

15. The aforesaid defect acted as a substantial factor in bringing about plaintiff's injuries and damages as herein alleged.

Complaint for Personal Injuries, Negligence, Strict Liability and Breach of Implied Warranties

## FOURTH CLAIM FOR RELIEF

(Breach of Implied Warranty of Merchantability)

16. Plaintiff re-alleges and incorporates by this reference, each paragraph of the Second Claim for Relief as though set forth fully herein.

17. Defendants, and each of them entered into a bailment agreement with plaintiff whereby the railcars and platform were bailed to her for her use in traveling from Innsbruck. By reason of this bailment, said defendants warranted that the railcars and platform were reasonably safe for their intended. The warranty was breached in that they were not reasonably safe for their intended use and plaintiff was injured and damaged as herein alleged.

## FIFTH CLAIM FOR RELIEF

(Breach of Implied Warranty of Fitness)

18. Plaintiff re-alleges and incorporates by this reference, each paragraph of the Second and Fourth Claims for Relief as though set forth fully herein.

19. Defendants, and each of them, impliedly warranted that the railcars and platform were fit for the purposes for which they were intended to be used.

20. Said railcars and platform were not fit for the purposes for which they were intended to be used and for which they were bailed to the plaintiff. By reason of this failure of fitness, the implied warranty was breached and plaintiff was injured and damaged as herein alleged.

## DEMAND FOR RELIEF

1. Plaintiff prays for economic and non-economic damages in all claims for relief according to proof, and for such other and further relief as the court deems proper.

Dated: April 7, 2008

*Geoffrey Becker*
Geoffrey Becker
Attorney for Carol P. Sachs, plaintiff

4

Complaint for Personal Injuries, Negligence, Strict Liability and Breach of Implied Warranties