UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL P. SACHS, | No. C-08-1840 EMC |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |
| REPUBLIC OF AUSTRIA, *et al.*, | |
| Defendants. | |
| _____/ | |

The Court has received a letter from Plaintiff Carol P. Sachs, asking that the Court issue a letter rogatory to the Republic of Austria so that she may serve process on OBB Personenverkehr, a Defendant in this case. Having reviewed the letter and proposed letter rogatory, the Court orders Ms. Sachs to provide supplemental briefing and/or evidence.

**I.  DISCUSSION**

The need for supplemental briefing and/or evidence stems from the lack of clarity as to whether OBB Personenverkehr is an instrumentality of Austria, as defined in 28 U.S.C. § 1603. *See* 28 U.S.C. § 1603 (providing that an instrumentality of a foreign state is, *inter alia*, an entity "which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof"). The complaint suggests that it may be, *see* Compl. ¶ 1 (alleging that Austria "owns and/or operates OBB PERSONENVERKEHR AG"), but it is not clear.

A. <u>Instrumentality of Austria</u>

If OBB Personenverkehr is an instrumentality of Austria, then service of process is covered by Federal Rule of Civil Procedure 4(j). Rule 4(j) provides that a foreign state or its instrumentality must be served in accordance with 28 U.S.C. § 1608. Under § 1608(b),

> Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:
>
> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or
>
> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or
>
> (3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state --
>
> (A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or
>
> (B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or
>
> (C) as directed by order of the court consistent with the law of the place where service is to be made.

*Id.* § 1608(b). Ms. Sachs's request for a letter rogatory falls under paragraph (3) above, but she has not shown that service cannot be made under paragraphs (1) or, in particular, (2).

B. <u>Not an Instrumentality of Austria</u>

If OBB Personenverkehr is not an instrumentality of the United States, then service of process would seem to be governed by Federal Rule of Civil Procedure 4(h). Rule 4(h) specifies that, when service is at a place not within the United States, then service must be effected in a manner prescribed by Rule 4(f), except personal delivery under (f)(2)(C)(i). *See* Fed. R. Civ. P. 4(h)(2). Under Rule 4(f), if there is no internationally agreed means for service, then service must

1  be effected "by a method that is reasonably calculated to give notice," for example, "as the foreign
2  authority directs in response to a letter rogatory or letter of request." Fed. R. Civ. P. 4(f)(2)(B).
3       Similar to above, Ms. Sachs's request for a letter rogatory is contemplated by Rule 4(h) and
4  (f) but she must first affirm that there is no internationally agreed means of service.

## II. CONCLUSION

6       For the foregoing reasons, the Court requests that Ms. Sachs provide supplemental briefing
7  and/or evidence to address the service-of-process issues discussed above.
8       In so ruling, the Court does not bar OBB Personenverkehr, or any other Defendant, from
9  subsequently making an appearance and arguing improper service. Furthermore, in so ruling, the
10 Court does not express any opinion as to whether the federal courts would have subject matter
11 jurisdiction over the claims asserted in the complaint and personal jurisdiction over Defendants. *See*
12 *Berkovitz v. Islamic Republic of Iran*, 735 F.2d 329, 331 (9th Cir. 1984) (explaining that, under 28
13 U.S.C. § 1330, "sovereign immunity is not merely a defense under the [Foreign Sovereign
14 Immunities Act]" but rather that "[i]ts absence is a jurisdictional requirement"); *Zernicek v. Brown*
15 *& Root, Inc.*, 826 F.2d 415, 418 (5th Cir. 1987) (acknowledging that, under 28 U.S.C. § 1605(a)(2),
16 a foreign state is not immune in any case in which the action is based upon an act outside the
17 territory of the United States in connection with a commercial activity of the foreign state elsewhere
18 and that act causes a direct effect in the United States but stating that many courts that have
19 "considered a claim for personal injury sustained in foreign territory [have] held that subsequent
20 physical suffering and consequential damages are insufficient to constitute a 'direct effect in the
21 United States' for purposes of abrogating sovereign immunity"); *Menken v. Emm*, 503 F.3d 1050,
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

1058 (9th Cir. 2007) (discussing three prong specific jurisdiction test in case involving private defendant, the third prong of which requires a court to determine whether the exercise over a nonresident defendant would be reasonable).

The supplemental briefing and/or evidence shall be filed within a week of the date of this order.

IT IS SO ORDERED.

Dated: April 21, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

4