IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL P SACHS, | No C 08-1840 VRW |
| Plaintiff, | ORDER |
| v | |
| REPUBLIC OF AUSTRIA, OBB HOLDING GROUP, OBB PERSONENVERKEHR AG, | |
| Defendants. | |

Defendants the Republic of Austria and OBB Personenverkehr AG ("OBB") move to dismiss the above-captioned action based on, among other things, want of subject matter jurisdiction. Doc ##43 & 51. Although plaintiff opposes OBB's motion, Doc #58, she has filed a statement of non-opposition to that of Austria. Doc #60. Austria's motion to dismiss, Doc #51, therefore is GRANTED. For the reasons that follow, the court DECLINES TO RULE on OBB's motion to dismiss, Doc #43, subject to further briefing on the matter.

//

**I**

This action arises out of an accident that occurred at a train station in Innsbruck, Austria on April 27, 2007, when plaintiff, while attempting to board a moving train, fell to the tracks and suffered severe injuries which resulted in the amputation of her legs above each knee. Doc ##43 at 10; 58 at 1-2.

OBB's motion to dismiss advances four distinct theories: (i) the court lacks subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 USC §1602 et seq; (ii) the doctrine of forum non conveniens requires dismissal; (iii) the court lacks personal jurisdiction over OBB; and (iv) international comity requires abstention. Doc #43. The court held a hearing on OBB's motion on November 18, 2010, during which the parties argued at length regarding OBB's first and second theories for dismissal.

It is clear from the parties' memoranda and argument that the only jurisdictional fact presented in this case is plaintiff's March 2007 purchase of an Eurail Pass from the Rail Pass Experts, a corporate entity apparently located in Massachusetts. Doc #58 at 2. Plaintiff argues that because the purchase of the pass occurred in the United States, and her injury claim is based upon OBB's commercial activity in this country, this court has subject matter jurisdiction.

The FSIA makes clear, however, that the relevant commercial activity must be undertaken "by the foreign state." 28 USC §1605(a)(2). Plaintiff does not allege that OBB sold her a Eurail pass. Instead, plaintiff lays out the following argument:

> OBB is a member [and owner] of the Eurail Group * * *. The [Eurail Group's] website says that the 'Eurail passes are available from our wide network of Sales Agents worldwide' * * * [and] confirms that the Eurail Group represents OBB * * *. OBB has authorized the Eurail Group to sell passes directly to

2

> American citizens. * * * The issuing office was the Rail Pass Experts in Massachusetts[, which] * * * was the intermediary for the carriers in Europe including the OBB.

Doc #58 at 3. Thus, plaintiff's argument goes, the Rail Pass Experts's actions may be imputed to OBB, because the Rail Pass Experts is an agent of the Eurail Group, an entity which OBB part-owns and to which it belongs. But plaintiff's argument, in its current form, seems insufficient to establish that the Rail Pass Experts's sale of a ticket to plaintiff constituted commercial activity by the foreign state.

Plaintiff relies heavily on Kirkham v Societe Air France, 429 F3d 288, 290 (DC Cir 2005) in support of her argument that the Rail Pass Experts's ticket sale constituted commercial activity by OBB in the United States. Doc #58 at 2-3. In Kirkham, however, Air France did not contest the commercial activity issue, a point which the DC Circuit expressly noted in its holding: "[b]ecause Air France concedes the ticket sale constituted a commercial activity in the United States, and because Kirkham must establish that sale in order to prevail on the merits, the commercial activity exception applies." 429 F3d at 293. Although plaintiff contends that Kirkham is "factually similar to this case in that the tickets in both cases were purchased by agents," Doc #58 at 3, Kirkham cannot stand for the proposition that a ticket sale of the type here constitutes commercial activity by a foreign state.

Moreover, traditional indicia of an agency relationship between OBB and the Rail Pass Experts are lacking from plaintiff's complaint and opposition to OBB's motion to dismiss. While plaintiff alludes to connections between OBB and the Eurail Group, and between the Eurail Group and the Rail Pass Experts, there are

3

1  no factual allegations or evidence that the Rail Pass Experts acted
2  under the control or on behalf of OBB.  If anything, plaintiff
3  suggests that the Rail Pass Experts acted as "intermediary of the
4  carriers in Europe," Doc #58 at 3, not exclusively on behalf of
5  OBB.
6        In short, without further clarification from plaintiff,
7  her unwieldy theory of subject matter jurisdiction would seem to
8  ensnare all thirty members of the Eurail Group, if indeed each
9  could be considered a foreign state under the FSIA.  Before the
10 court renders a decision on OBB's motion, however, it seems prudent
11 to allow plaintiff to develop further her theories of subject
12 matter and personal jurisdiction.
13       On or before December 17, 2010, plaintiff may file a 15-
14 page supplemental brief addressing:

   (1) her "agency" theory of subject matter jurisdiction in greater detail, supported with appropriate citations;

   (2) any additional case law, other than Kirkham, which suggests that the ticket sale here constitutes commercial activity <u>by the foreign state</u> under 28 USC § 1605(a)(2);

   (3) the line of Ninth Circuit cases cited by OBB (including <u>Theo H Davis & Co, Ltd v Republic of the Marshall Islands</u>, 174 F3d 969, 974 (9th Cir 1999); <u>Siderman de Blake v Republic of Argentina</u>, 965 F2d 699, 705 n4 (9th Cir 1992) and <u>Gregorian v Izvestia</u>, 871 F2d 1515, 1529 (9th Cir 1989)) which seem to indicate that, in addition to 28 USC 1330(b) factors, plaintiff must establish that the court's exercise of personal jurisdiction over OBB would comport with due process.

28 //

**4**

Furthermore, plaintiff may supplement her earlier opposition to OBB's motion to account for additional theories under FSIA that would establish subject matter or personal jurisdiction.

If it desires, OBB may file a 10-page response to plaintiff's supplemental memorandum on or before January 14, 2010, at which time the matter will be submitted without further argument.

IT IS SO ORDERED.

**VAUGHN R WALKER**
United States District Chief Judge